IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DEMETRIUS CURTIS**                                                              **PETITIONER**

v.                                           **4:13CV00638 DPM/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Corrections**                              **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

>    other non-testimonial evidence desired to be introduced at
>    the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## DISPOSITION

The respondent moves to dismiss the petition for writ of habeas corpus filed by Mr. Demetrius Curtis pursuant to 28 U.S.C. § 2254.  Mr. Curtis contends that he has served his sentence and the Arkansas Department of Corrections ("ADC") has erroneously calculated his release date.  The parties agree that Curtis was originally sentenced to a ten year term of imprisonment in 2001 for simultaneous possession of drugs and firearms and possession of a controlled substance.  The respondent contends the petitioner has not yet served his sentence because he has "repeatedly" absconded from parole.  Docket entry no. 18, page 1.  The essence of the respondent's argument is that the ADC has correctly calculated the sentence of Mr. Curtis.

Before turning to the merits of the claim, we must initially consider whether Mr. Curtis has exhausted the remedies available to him in state court. Questions of available state remedies require this Court to look to the provisions of 28 U.S.C. 2254(b) and (c).  These subsections codify the doctrine of comity by requiring the exhaustion of state remedies prior to bringing federal habeas corpus claims. *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir. l98l).  This exhaustion requirement is necessary in order to afford the state courts the opportunity to correct any constitutional errors before federal courts intervene. *Id*.  However, this requirement will not be construed so as to require the filing of repetitious or futile applications for relief in state court.  *Powell v. Wyrick*, 62l F.2d 92l, 923 (8th Cir. l980).  In addition, a federal court should defer action only "if there is some reasonable probability that the relief which the

petitioner seeks will actually be available to him." *Powell v. Wyrick*, 657 F.2d at 224. Consequently, we must determine whether the petitioner has an available state remedy.

First, we note that the failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Davis v. Campbell*, 608 F.2d 317, 320 (8th Cir. 1979) (*per curiam*); *McCartney v. Vitek*, 902 F.2d 616, 617 (8th Cir. 1990). It appears that the petitioner has failed to exhaust his state court remedies because he has not brought a request for declaratory judgment and writ of mandamus raising the issue which he now presses in his habeas petition. The request for declaratory relief and writ of mandamus is a procedure whereby the petitioner may challenge the execution and computation of his sentence. In *Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1998), an inmate utilized this procedure to challenge his classification for parole purposes. This procedure has been used by other inmates in similar circumstances. *St. John v. Lockhart*, 286 Ark. 234, 691 S.W.2d 148 (1985); *Bargo v. Lockhart*, 279 Ark. 180, 650 S.W.2d 227 (1983). The petitioner's claim in this case is that the state has improperly calculated his sentence. He contends that proper calculation would result in his immediate release. This claim would appear to be cognizable in state court.

If a state procedure is available, it cannot be said that the exhaustion requirement of 28 U.S.C. §2254 has been satisfied. This is precisely the situation at bar. Mr. Curtis can challenge the calculation of his sentence in state court by filing for declaratory relief and writ of mandamus. He has not filed such an action raising this ground for relief.

As a result, we find that the petitioner must exhaust his available state court remedies as required by 28 U.S.C. § 2254(b) & (c). It follows that we recommend that the petition be dismissed without prejudice to allow the petitioner to pursue relief in state court.

Based upon the foregoing, we recommend that the petition for writ of habeas corpus be dismissed without prejudice to allow the petitioner to seek appropriate relief in state court, and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in

the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

    IT IS SO ORDERED this __20__ day of March, 2014.

_____
UNITED STATES MAGISTRATE JUDGE